IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN HEMPHILL | : | CIVIL ACTION |
| | : | |
| | : | NO. 04-976 |
| v. | : | |
| | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sanchez, J.**                                                                                                    **July 27, 2005**

Martin Hemphill seeks judicial review of the Social Security Administration's denial of disability income.[1] Hemphill argues the Administrative Law Judge (ALJ) failed to follow the Court's remand order to fully develop the record and reconsider the weight given to the medical evidence. Hemphill also argues the ALJ's decision is not supported by substantial evidence.[2] After carefully considering the entire record, this Court overrules Hemphill's objections, grants the Commissioner's motion for summary judgment, and denies Hemphill's motion for summary judgment.

**FACTS**[3]

Hemphill was born in April, 1951, and is classified as a "person closely approaching advanced age." (Tr. 614); *See* 20 C.F.R. § 416.963(d). Hemphill has a high school equivalent

---

[1] Supplemental Security Income (SSI) under Title XVI of the Social Security Act. 20 C.F.R. § 416.

[2] This Court has jurisdiction over Hemphill's appeal pursuant to 42 U.S.C. § 405(g).

[3] For a detailed description of the facts, see Joint Statement of Undisputed Facts attached as "Exhibit A" to Magistrate Judge Faith Angel's Report and Recommendation (R&R).

1

education. (Tr. 637). The ALJ was not able to determine the existence of Hemphill's past relevant work. (Tr. 254). Hemphill alleges he was disabled as of his 50th birthday due to degenerative disc disease and degenerative joint disease of the lumbar spine. X-ray and MRI studies of the lumbar spine taken on March 8, 2000 confirm degenerative disc and joint disease. (Tr. 176-77).

After two unsuccessful attempts and after a hearing on August 18, 2000, the ALJ denied Hemphill's claim. (Tr. 12-27, 32, 36, 38, 42, 57-60 212-39). The Appeals Council denied a request for review and Hemphill appealed to the District Court. (Tr.6-11, 4).

Judge Mary A. McLaughlin remanded this case to the ALJ with instructions to articulate the weight given to Hemphill's treating physician, Dr. Ferdinand Aczon, and the supporting medical evidence. (Tr. 521-39). On remand, the ALJ heard testimony from Hemphill, Vocational Expert Dr. William O'Toole, and Medical Expert Dr. Stanley Askin, an orthopedic surgeon. (Tr. 261-63, 279-90). The ALJ denied benefits on February 3, 2003. (Tr. 260-97, 245-65). The Appeals Council denied a request for review. (Tr. 234-44). Both parties filed cross-motions for summary judgment. This Court referred the case to U.S. Magistrate Judge Faith Angel for a Report and Recommendation (R&R). Judge Angel recommends granting summary judgment in the Commissioner's favor. (R&R 1-8).

**DISCUSSION**

A. Standard of Review

This Court reviews Hemphill's objections to the R&R *de novo*. 28 U.S.C. § 636(b)(1). This Court, however, must uphold the ALJ's factual determinations if they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Where an agency's fact finding is supported by substantial evidence, this Court is bound by those findings, even if this Court would have decided the factual inquiry differently. *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001).

B. Remand Order

Judge McLaughlin's remand order directed the ALJ to develop the record by listing the relevant medical impairments. On remand, the ALJ specified the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.04.[4] The ALJ cited to the relevant impairments and concluded there was no evidence to support they existed.

The ALJ also followed the remand instruction to adequately reconsidered the weight given to Hemphill's treating physician, Dr. Aczon. (Tr. 535-36). The ALJ again discounted Dr. Aczon's opinion. The ALJ noted Dr. Aczon is a family practitioner, not an orthopedist, a physiatrist, a neurologist or a neurosurgeon. (Tr. 253). His treatment notes contain scattered references to unspecified limitations of motion, tenderness, and muscle spasm. *Id*. The ALJ recognized Dr. Aczon's opinion that Hemphill was disabled and unable to seek gainful employment, but gave the opinion no weight. 20 C.F.R. § 416.927(e). Although his conclusions are not inconsistent with the medical evidence, his opinion merely reiterates Hemphill's subjective allegations of pain. Medical opinion must be supported by objective observation's during the examination. 20 C.F.R. § 404

---

[4] "I find a severe back impairment which does not meet or equal in severity the requirements of Appendix 1, including 1.04. There is no evidence of lumbar spine stenosis resulting in pseudoclaudication. There is no evidence of spinal arachnoiditis. Regarding Listing 1.04 A, there is no evidence of compromise of a nerve root or the spinal cord with muscle weakness, muscle atrophy, or consistent sensory or reflex loss. (Tr. 252).

Subpart P Appendix 1.01 D.[5]  Furthermore, the ALJ stated Dr. Aczon's conclusions are not supported by the medical record as a whole, and noted inconsistency with other medical evidence. (Tr. 254). The Commissioner will generally give "controlling weight to a treating source's opinion on the issue(s) of the nature and severity of the impairment(s) if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." [6] 20 C.F.R. § 416.927(d).  Although the X-rays and the MRI show degenerative disk disease, the medical opinion's are contradictory.  Where there is inconsistency in medical evidence, the ALJ may request the advice of a medical expert. *Richardson,* 402 U.S. at 408.

The ALJ sought the advice of Dr. Askin, a board certified orthopedist, who opined the record showed no medical reason Hemphill could not work. (Tr. 279-90).  According to Dr. Askin, the issue, is whether Hemphill can work through the pain.  (Tr. 282-83). The ALJ used Dr. Askin's testimony to attempt to reconcile the opinion evidence. *Id*.  Dr. Aczon said Hemphill had a functional capacity below the sedentary level. (Tr. 597-604, 620, 153-56, 605-13).  Dr. Mosen Alavi, a consulting internist opined Hemphill retained a functional capacity for work between light and sedentary; whereas Dr. Umar Sofi, another consulting internist, found Hemphill's functional capacity to be light.  State agency physicians, Dr. V. Shah and Dr. Theodore Waldron, and Dr. Askin stated

---

[5] If the opinion of a treating physician conflicts with that of a non-treating physician, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason."*Morales v. Apfel* 225 F.3d 310, 317 (3d Cir. 2000).

[6] Factors which the Commissioner may take into account in deciding what weight to give the treating source's opinion include: (i) length of the treatment relationship and the frequency of examination; (ii) nature and extent of the treatment relationship; (iii) whether the medical source presents and explains relevant evidence to support an opinion; (iv) whether the opinion is more consistent with the record as a whole; and (v) whether the medical source has a specialty in the relevant medical field. 20 C.F.R.§ 416.927 (d)(2)(I) and (d)(2)(ii), and (d)(3) through (d)(6).

Hemphill retained a medium work capacity. Where there are contradictory medical opinions, the ALJ will weigh the evidence to determine whether Hemphill is disabled. 20 C.F.R. 416.927(c)(4). At Hemphill's hearing, Dr. Askin reviewed the medical evidence and answered the ALJ and Hemphill's questions. (Tr. 279-90). The ALJ reviewed the objective medical evidence and the doctors' opinions properly. Consequently, the ALJ's decision complied with the remand order.

Hemphill contends Dr. Askin's opinion should not be afforded much weight because it is an attempt to minimize his pain. Specifically, Hemphill states "[i]t appears that Dr. Askin's position was no matter how severe degenerative disk or joint disease may be, a person would be capable of medium work if he or she were willing to put up with the pain." (Pl. Brief 16). Dr. Askin's opinion, however, is simply Hemphill's condition is not severe enough to warrant a finding of an inability to work *per se*. In reviewing the record as a whole, the ALJ appropriately weighed Dr. Askin's testimony.

Based on this Circuit's holding in *Burnett*, Judge McLaughlin remanded because the ALJ had not properly developed the record.[7] (Tr. 535-36); *Burnett v. Commissioner,* 220 F.3d 112, 120 (3d. Cir. 2000). The *Burnett* Court held because the ALJ's conclusion was so devoid of evidentiary support, it was "hopelessly inadequate" and "beyond meaningful judicial review." *Id*. Here, the ALJ's decision, unlike *Burnett*, was sufficiently developed for meaningful judicial review. The ALJ had sufficient medical evidence and medical opinion to conduct a proper analysis.

---

[7] The ALJ's analysis merely consisted of a statement that the claimant alleged an unlisted impairment that failed to equal the severity of any disabling condition contained in 20 C.F.R. § 404 Subpart P Appendix 1. *Burnett*, 220 F.3d at 120; *See* 20 C.F.R. § 416.920. The record, much like the ALJ's analysis, was vague and did not contain adequate medical documentation of the claimant's condition. *Id*.

This Court finds the ALJ complied with the remand order by properly developing the record for meaningful judicial review. The ALJ cited the relevant impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1, evaluated and weighed the evidence and opinions in compliance with the remand order.

C. Five Step Sequential Analysis

Under the Social Security Act, a claimant is disabled if there is a medically determinable basis for an impairment preventing the claimant from engaging in any "substantial gainful activity" for a twelve month period. 20 C.F.R. § 404.1505(a). A claimant is considered unable to engage in any substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Social Security regulations set forth a five-step sequential analysis to determine disability. 20 C.F.R. § 416.920. [8]

---

[8] The five step sequential analysis is as follows:

1. If the Claimant is working or doing substantial gainful activity, a finding of not disabled is directed.
2. If the Claimant is found not to have a severe impairment which significantly limits his or her physical or mental ability to do basic work activity, a finding of not disabled is directed.
3. If the impairment meets or equals criteria for a listed impairment or impairments in App. 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.
4. If the Claimant retains residual functional capacity (RFC) to perform past relevant work, a finding of not disabled is directed. If not, or if Claimant had no past relevant work, we must analyze the claim under step 5.
5. The Commissioner will then consider the claimant's RFC, age, education, and past work experience in conjunction with the criteria listed in App 2 to determine if the claimant is or is not disabled. 20 C.F.R. 404.1520(b)-(f), 416.9020(b)-(f).

At step three of the five step SSI evaluation process, the claimant is *per se* disabled if the ALJ finds claimant's impairments meet or equal the criteria for an impairment listed in 20 C.F.R. § 404 Subpart P Appendix 1.[9] 20 C.F.R. § 416.920(d). The claimant bears the burden to present medical findings at step 3, but "it is the ALJ's responsibility to identify the relevant listed impairment(s)" and "develop the arguments both for and against granting benefits." *Fargnoli, 247 F.3d at 40* (citing *Burnett,* 220 F.3d at 120). The ALJ's decision must explain why the claimant's impairments did or did not meet a listed impairment. *Id.* at 112. This level of analysis is necessary to allow this Court to determine whether the Commissioner's decision is supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1980). There is some evidence supporting Hemphill's position that he is disabled, including subjective allegations of pain.[10] There is substantial evidence, however, for the ALJ to find against Hemphill.[11] *Richardson,* 402 U.S. at 399. Based on her decision at step

---

[9] The purpose of the listings of impairments is to describe for each of the major body systems, impairments which are considered severe enough to prevent a person from doing *any* gainful activity. 20 C.F.R. § 404.1525.

[10] The ALJ's opinion properly included references to the medical evidence which supports Hemphill's claims. *Fargnoli,* 247 F.3d at 40; *Cotter*, 642 F.2d at 706. For example, the ALJ cited to an MRI showing moderate congenital stenosis, degenerative disc disease, a small herniated disc causing moderate to severe stenosis, and a moderately large herniated disc causing severe stenosis. (Tr. 251). The ALJ also referenced X-rays which show moderate degenerative disc disease. *Id.* A nerve conduction study and electromyogram, however, were negative for the right lower extremity and MRIs did not reflected impingement of the spinal cord or compression of any nerve roots. (Tr. 252). See 20 C.F.R. § 404 Subpart P Appendix 1.04. (Tr. 252).

[11] The objective medical evidence does not show signs of a *per se* disability. The evidence shows few positive signs consistent with Hemphill's claim of severe pain or extreme limitations. (Tr. 252). Dr. Alavi, observed Hemphill appeared alert, oriented and comfortable, climbed on and off the examining table without difficulty, reported no weakness or numbness in his leg, had no extremity or joint abnormalities, without sensory or motor deficits, even though Hemphill showed discomfort and was limping. (Tr.146-48). Dr. Saeid Alemo, a neurosurgeon at the Multispecialty Pain Clinic, observed Hemphill had positive right sided straight leg raising, sensory distribution and decreased lumbar motion, but had no muscle weakness, no pathological

three, the ALJ determined the claimant retains the residual functional capacity of medium work activity[12]. (Tr. 256). The ALJ sufficiently developed the record to allow for judicial review and her conclusions regarding step three are supported by substantial evidence.

At step five, the Commissioner considers Hemphill's work capacity, age, education, and past work experience to determine if the claimant is disabled. 20 C.F.R. § 416.920(f). The ALJ may also consider Hemphill's limitations, including pain, to determine his disability. The Medical-Vocational Guidelines direct a finding based on the ALJ findings at step five.

Hemphill contends the ALJ erred in applying a medium functional capacity to the guidelines because Hemphill's limitations are exertional and non-exertional. If Hemphill's limitations of pain are only exertional, the Medical Vocational Guidelines direct a definitive finding. 20 C.F.R. §416.969 (c). If Hemphill's limitations are exertional and non exertional, the Guidelines may not be used as a rigid rule, but are used as a framework to determine disability. 20 C.F.R. §416.969 (d). The Magistrate Judge opined the ALJ did not take into account non-exertional limitations, although medical evidence would support such a conclusion.[13] The standard of review allows this Court to

---

reflex abnormalities, negative left-side straight leg-raising, and no foot drop during heel and toe walking. (Tr. 176-79). Dr. Buck, a specialist at the Liberty Pain Management Center, observed decreased reflexes although muscle bulk and sensation were normal. (Tr.182-83). Dr. Sofi observed Hemphill was alert, oriented, in no objective distress, walked and got on and off the examining table without assistance, had a grossly non-focal neurological examination, exhibited no joint deformities and a normal range of motion. (Tr. 591-92; 595-96).

[12] Medium work activity includes the ability to lift, carry, push, and pull up to 50 pounds at a time, and the same up to 25 pounds frequently; walk or stand for up to six hours per workday; and sit for up to six hours per workday.

[13] Hemphill claims the Social Security Rulings direct a lower functional capacity where the individual's exertional capacity is reduced in terms of the regulatory definition If the Guidelines direct opposite conclusions, an exertional capacity that is slightly reduced could indicate a finding of "Not Disabled." On the other hand, if the exertional capacity is significantly

review the entire record *de novo*. 28 U.S.C. § 636(b)(1).The record as a whole supports a finding that Hemphill's limitations are exertional and non-exertional. Social Security Ruling 83-12, therefore, would allow the ALJ to find a lower work capacity of modified light, not sedentary. Consequently, the guidelines still direct the ALJ to find Hemphill not disabled.

D. Claimant's Credibility

Hemphill argues the ALJ improperly discounted Hemphill's credibility. In general, an ALJ "must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by competent medical evidence." *Schaudeck v. Commissioner of Soc. Sec. Admin.*, 181 F.3d 429, 433 (3d Cir. 1999). The ALJ is free to, "reject such claims if he does not find them credible." *Id*.

In assessing a claimant's credibility, the ALJ must consider: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and, 7) any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.927. In this case, the ALJ did not find Hemphill's allegations regarding his limitations credible. (Tr. 253). The ALJ specifically considered Hemphill's daily activities, the nature and frequency of his pain, factors that

---

reduced, it could indicate a finding of "Disabled." SSR 83-12.

aggravate the condition, the type of medicine used, and his course of treatment.[14] (Tr. 248-55). The ALJ's conclusion regarding Hemphill's credibility is supported by substantial evidence.

**CONCLUSION**

This Court must not weigh the evidence or substitute its conclusions for those of the fact-finder. *McCrea v. Commissioner of Soc. Sec. Admin.*, 370 F.3d 357, 362 (3d Cir 2004). The ALJ does not need to describe each and every piece of medical evidence, but must list the evidence relied upon. *Fargnoli*, 247 F.3d at 43. The ALJ fully evaluated and explained the medical evidence and opinions considered and conducted the appropriate work capacity determination. The ALJ discussed the medical evidence and its effects on Hemphill with sufficient specificity to comport with the regulations. Accordingly, this Court holds the ALJ's findings, viewed in light of the record as a whole are supported by substantial evidence.

**<u>ORDER</u>**

AND NOW, this 27th day of July, 2005, after consideration of the pleadings and record, and after review of the Report and Recommendation of the United States Magistrate Judge Faith Angel, and Plaintiff's objections, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Plaintiff's motion for summary judgment and appeal is DENIED.

3. The Defendant's motion for summary judgment is GRANTED.

---

[14] The ALJ noted Hemphill had a conservative treatment and has not been under the care of a specialist. Hemphill testified he could drive, play cards, walk a couple of blocks, go up one flight of stairs, watch TV, fold laundry, do light shopping, do home repairs, do light cooking, use public transportation, use a computer, take out the trash and make a bed.

4.  Judgement is hereby entered in favor of Defendant and against Plaintiff.

                                      BY THE COURT:

                                      _____
                                      Juan R. Sánchez, J.